**Alonzo TURNER–BEY**

v.

**Samuel LEE, et al.**

**Civil No. JFM–96–2444.**

United States District Court, D. Maryland.

Aug. 30, 1996.

John Caleb Dougherty, Piper & Marbury, Baltimore, MD, for plaintiff.

Rachel A. Wohl, Assistant Attorney General, Baltimore, MD, for defendant.

## MEMORANDUM

MOTZ, Chief Judge.

Alonzo Turner–Bey instituted this action under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb, against Correctional Officers Samuel Lee, Michael Matthews and Elva Young. Counsel was appointed to represent plaintiff.[1] After denying summary judgment motions, Magistrate Judge Klein, before whom the parties had consented to proceed, convened the jury trial. After plaintiff had presented his evidence, Judge Klein granted a motion for judgment as a matter of law made by defendants. The parties agreed to an appeal to this court rather than to the Fourth Circuit, and plaintiff's appeal of Judge Klein's ruling is now before me.

---

1. Plaintiff's counsel have performed admirably, and the court is appreciative of their services.

The essence of plaintiff's claim is that defendants violated the RFRA by taking from him for a 45-minute period a crown that he was wearing. According to plaintiff, the wearing of a crown is a teaching of the Moorish Science faith of which he is adherent. Plaintiff also testified that it was his understanding that the wearing of a crown continuously is mandated by his faith. However, he presented no objective evidence to support that belief.

 The parties have joined issue on the question of whether under Fourth Circuit law the practice which a plaintiff alleges has been burdened must be religiously mandated or only religiously motivated to give rise to a cause of action under RFRA. *See generally Goodall v. Stafford County Sch. Bd.*, 60 F.3d 168, 172-73 (4th Cir.1995), *cert. denied,* — U.S. —, 116 S.Ct. 706, 133 L.Ed.2d 661 (1996). I will not decide that question here but rather will assume that the Fourth Circuit does not require as a necessary predicate to the assertion of a claim under RFRA that the practice which plaintiff alleges has been burdened is mandated by his religion. Even so, the ultimate question under RFRA is whether a person's "exercise of religion" has been "*substantially* burden[ed]" by governmental action. In determining the substantiality of a particular burden, it is certainly appropriate to take into account as one of the factors to be determined whether a particular practice is mandated by a religion or simply encouraged by it. For example, it would be far different to require a person to eat even one bite of food forbidden by his religion's dietary regimen than it would be to prevent him from attending an occasional optional religious service.

 Another factor that obviously must be taken into account in determining the substantiality of the burden a particular governmental action imposes upon the exercise of religion is the extent of the interference. Here, it is undisputed that plaintiff's crown was taken from him for only 45 minutes. However uncomfortable plaintiff may have been during those 45 minutes, however offensive he may have found the confiscation of his crown to have been and however regrettable it may be that the incident occurred, 45 minutes is a relatively short interval in the span of one's life. In this regard the case would be far different if there were a prison regulation forbidding the wearing of crowns for extended periods of time (or brief periods of time on a recurring basis).

There may be other factors that the circumstances of future cases will suggest should be taken into account in making the substantiality determination. In this case, however, the nonmandatory nature of the practice which was interfered with and the relatively mild nature of the interference are controlling. Since plaintiff did not produce sufficient evidence from which a reasonable fact finder could conclude that his exercise of religion had been substantially burdened, Judge Klein's ruling granting defendants' motion for judgment as a matter of law was correct.

For these reasons Judge Klein's ruling will be affirmed.